IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01157-JLK-CBS

JACQUELINE C. WAYNE,
        Plaintiff,
v.

APOGEE RETAIL, L.L.C., and
APOGEE TRUCKING, L.L.C.,
        Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Defendants' Motion to Dismiss for

Plaintiff's Failure to Obey Discovery Orders and Failure to Prosecute (filed March 13,

2012) (Doc. # 47) and regarding Plaintiff's counsel, Lee Thomas Judd's, failure to

appear at the Motion Hearing on January 11, 2012 and failure to respond to the court's

Order to Show Cause (Doc. # 42).  Pursuant to the Order of Reference dated June 29,

2011 (Doc. # 13) and the memorandum dated March 13, 2012 (Doc. # 48), these

matters were referred to the Magistrate Judge.  The court has reviewed the Motion, the

entire case file, and the applicable law and is sufficiently advised in the premises.


I.      Statement of the Case

        Ms. Wayne filed the Complaint through counsel, Mr. Judd, on April 29, 2011,

asserting claims for termination and retaliation in violation of the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, wrongful termination in violation of

1

public policy, breach of contract, and promissory estoppel.  (*See* Doc. # 1).  On August 8, 2011, Ms. Wayne served her initial disclosures, listing nine categories of documents supporting her claims.  (*See* "Plaintiff's Rule 26(a)(1) Fed. R. Civ. P. Disclosures," Exhibit A to Motion (Doc. # 47-1), at 3-4 of 6).  Ms. Wayne did not produce documents with her disclosures.  (*See id.*).  On September 16, 2011, Defendant Apogee Retail, LLC served its "First Set of Interrogatories and Requests for Productions of Documents to Plaintiff" ("Discovery Requests").  (*See* Exhibit B to Motion (Doc. # 47-2)).  Among other things, Defendant's Discovery Requests seek information concerning Ms. Wayne's medical condition and the damages she claims.  (*See id.*, at 7-10 of 21).

On September 22, 2011, Defendants' counsel requested by e-mail copies of the documents listed in Ms. Wayne's Rule 26(a)(1) disclosures.  (See Exhibit C to Motion (Doc. # 47-3)).  On October 19, 2011, Ms. Wayne sought and was granted a one-week extension of time to respond to the Discovery Requests.  (See "Plaintiff's Unopposed Motion for Extension of Time" (Doc. # 29);  Order granting Motion for Extension of Time (Doc. # 31)).  Ms. Wayne did not respond to the Discovery Requests, nor did she produce the documents listed in her initial disclosures.  Between November 1, 2011 and November 11, 2011, Defendants' counsel engaged in numerous attempts to obtain the discovery sought.  (*See* Exhibit D to Motion (Doc. # 47-4)).

On November 15, 2011, Defendants' counsel requested dates in January 2012 to conduct Ms. Wayne's deposition.  (*See* Exhibit E to Motion (Doc. # 47-5)).  Also on November 15, 2011, Defendants filed their "Motion for Extension of Time to Designate Affirmative and Rebuttal Experts."  (See Doc. # 32).  At the court's direction, Ms. Wayne

responded to the Motion on November 29, 2011.  (See Docs. # 34, # 35).  The court granted Defendants' Motion on December 13, 2011.  (*See* Doc. # 36).

As of December 12, 2011, Defendants had received neither discovery responses nor documents from Ms. Wayne.  Defendants' counsel made further attempts to obtain the outstanding discovery and to set a date for Ms. Wayne's deposition.  (*See* Exhibit F to Motion (Doc. # 47-6), at 1-5 of 10).  Ms. Wayne did not respond to Defendants' communications.  On December 29, 2011, Defendants filed their "Motion for Extension of Various Deadlines and for Leave to File Motion to Compel," based on Ms. Wayne's failure to respond.  (*See* Doc. # 37).  Defendants also requested leave to file a motion to compel regarding Ms. Wayne's discovery responses, initial disclosures, and the scheduling of Ms. Wayne's deposition.  (*See id.*).  The court set a hearing on January 11, 2012 to address the issues raised in Defendants' Motion.  (*See* Doc. # 39).

The court held the hearing on January 11, 2012. (*See* Courtroom Minutes/Minute Order (Doc. # 40)).  Defendants' counsel appeared in person.  Neither Mr. Judd nor Ms. Wayne appeared.  The court granted Defendants' Motion and issued an "Order to Plaintiff's Counsel to Show Cause" addressing Mr. Judd's failure to appear at the hearing.  (*See* Docs. # 40, # 42).  The court served copies of the Order on Mr. Judd by electronic mail and on Ms. Wayne by U.S. mail.  (*See* Doc. # 42 Notice of electronic mailing; Certificate of Service by Mail (Doc. # 43)).  The court's records reflect that neither Mr. Judd's nor Ms. Wayne's copies of the Order to Show Cause were returned as undeliverable.  As of this date, the court has not received any response to the Order to Show Cause.

3

Defendants filed their Motion to Compel on January 23, 2011.  (*See* Doc. # 41).

Ms. Wayne did not respond to Defendants' Motion to Compel.  On February 27, 2012,

the court granted Defendants' Motion to Compel, directed Ms. Wayne to "produce all

documents identified in Plaintiff's initial disclosures," to respond to Defendant Apogee

Retail LLC's Discovery Requests, and to submit to a deposition.  (*See* Doc. # 46).  The

court awarded Defendants their costs and attorney fees incurred in filing the Motion to

Compel, "including the costs and fees incurred in preparing Defendants['] Motion for

Extension of Time to Extend Various Deadlines and for Leave to File Motion to

Compel."  (*See id.*).  The court served copies of the Order on Mr. Judd by electronic

mail and on Ms. Wayne by U.S. mail.  (*See* Doc. # 46 Notice of electronic mailing;

Certificate of Service).  The court's records reflect that neither Mr. Judd's nor Ms.

Wayne's copies of the Order were returned as undeliverable.  As of this date, Ms.

Wayne has not produced any documents identified in her initial disclosures, responded

to Defendant Apogee Retail LLC's Discovery Requests, or submitted to a deposition.


II.      Sanction against Plaintiff's Counsel, Mr. Judd

The Federal Rules of Civil Procedure provide that "[i]n any action, the court may

order the attorneys and any unrepresented parties to appear for one or more pretrial

conferences . . . ."  Fed. R. Civ. P. 16(a).  A Motion Hearing was set on January 11,

2012 by an Order dated December 29, 2011.  (*See* Doc. # 39).  Mr. Judd did not

appear at the hearing.  The court's records indicate that Mr. Judd's copy of the Order

setting the hearing was not returned to the court as undeliverable.  Mr. Judd has not

contacted the court to explain his failure to appear.  Mr. Judd has failed to comply with a court order and the Federal Rules of Civil Procedure.

"On motion or on its own, the court may issue any just orders, including those authorized by in Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . ."  Fed. R. Civ. P. 16(f).  Fed. R. Civ. P. 37(b)(2)(A)(vii).  Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Thus, as a sanction for Mr. Judd's failure to appear, the court must require him to pay Defendants' costs and attorney fees incurred for the January 11, 2012 proceeding, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2).  Mr. Judd has provided no response or justification for his failure to appear at the January 11, 2012 hearing.

On January 30, 2012, the court issued its "Order to Plaintiff's Counsel to Show Cause" on or before Friday, February 17, 2012 why he should not be sanctioned for his failure to appear at the Motion Hearing on January 11, 2012 at 9:00 a.m. and his failure to comply with the court's Order (Doc. # 39) and the Federal Rules of Civil Procedure. The court further ordered Mr. Judd to show cause why he should not be ordered to pay reasonable expenses including attorney fees incurred by defense counsel for appearing at the January 11, 2012 Hearing.  The court warned Mr. Judd that failure to timely respond to the Order to Show Cause may result in sanctions without further notice,

5

including but not limited to an order to pay reasonable expenses including defense

counsel's attorney fees for appearing at the January 11, 2012 hearing.  As of this date,

Mr. Judd has not responded to the court's Order to Show Cause.

On February 27, 2012, the court directed Defendants to "submit a bill of costs for

those attorney fees and costs incurred by attending the January 11, 2012 hearing.

(*See* Doc. # 46).  On March 15, 2012, Defendants filed their Bill of Costs Related to

January 11, 2012 Hearing (Doc. # 50).  Neither Ms. Wayne nor Mr. Judd has filed any

objection to the Bill of Costs.  The court finds counsel's hourly rates and the number of

hours spent are reasonable and supported by the record.  Accordingly, the court

recommends that Mr. Judd be ordered to pay Defendants their attorney fees and costs

associated with attending the January 11, 2012 hearing, in the amount of $1,104.00.


III.    Defendants' Motion to Dismiss

Defendants move pursuant to Fed. R. Civ. P. 37 and 41(b) to dismiss all claims

asserted by Ms. Wayne in this case, based on her failure to obey discovery orders and

failure to prosecute.  Rule 37 provides:

> If a party . . . fails to obey an order to provide or permit discovery,
> including an order under Rule 26(f), 35, or 37(a), the court where the
> action is pending may issue further just orders. They may include the
> following . . . dismissing the action or proceeding in whole or in part . . .

Fed. R. Civ P. 37(b)(2)(A)(v).  Dismissal is also an appropriate sanction where a party

fails to answer interrogatories or fails to submit to a deposition.  *See* Fed. R. Civ. P.

37(d)(1), (3).  Fed. R. Civ. P. 41(b) provides that a defendant may move to dismiss an

action for failure of a plaintiff to prosecute her claims or comply with the Rules of Civil

Procedure.  *See also Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th

Cir. 2008)  ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts

the authority to dismiss an action for failure of a plaintiff to prosecute the claim or

comply with the Rules or any order of the court.").  *See also Rogers v. Andrus Transp.

Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted

to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . .").

It is within the court's discretion to dismiss a case as a sanction for a plaintiff's failure to

comply with her obligations as a plaintiff in a civil action.  *See, e.g., Ehrenhaus v.

Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992).  "A district court undoubtedly has

discretion to sanction a party for failing to prosecute or defend a case, or for failing to

comply with local or federal procedural rules."  *AdvantEdge Business Group v. Thomas

E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and

citation omitted).

Based on Ms. Wayne's noncompliance with court orders and the Federal Rules

of Civil Procedure, this civil action may be dismissed with or without prejudice.  *See,

e.g.*, D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show

cause order, a district judge or a magistrate judge exercising consent jurisdiction may

enter an order of dismissal with or without prejudice.").  When dismissing a case without

prejudice, "a district court may, without abusing its discretion, enter such an order

without attention to any particular procedures."  *AdvantEdge Business Group*, 552 F.3d

at 1236 (internal quotation marks and citation omitted).  However, the Tenth Circuit "has

recognized that a dismissal without prejudice can have the practical effect of a

7

dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). If Ms. Wayne's claims could be barred by the applicable statute of limitations, "the district court should ordinarily first consider certain criteria." *AdvantEdge Business Group*, 552 F.3d at 1236. Ms. Wayne has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. Ms. Wayne's claims are based on conduct that occurred while she was employed by Defendants, between approximately February 2008 and July 2009 (*see* Complaint (Doc. # 1) at 4 of 12), a time period that may implicate the statute of limitations governing one or more of her claims.

"The non-exhaustive list of factors" that the court should consider when dismissing a case include: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *AdvantEdge Business Group*, 552 F.3d at 1236 n. 2 (internal quotation marks and citations omitted). *See also Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (same) (citing *Ehrenhaus*, 965 F.2d at 918); *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria."); *EBI Securities Corp., Inc. v. Hamouth*, 219 F.R.D. 642, 647 (D. Colo. 2004) (citing *Ehrenhaus*, 965 F.2d at 921) (setting forth factors for dismissal under Rule 37)). "The factors do not create a rigid

test but are simply criteria for the court to consider." *Gripe*, 312 F.3d at 1188 (citation

omitted).  "Dismissal is warranted where the aggravating factors outweigh the judicial

system's strong predisposition to resolve cases on their merits." *Ramon v. City and*

*County of Denver*, No. 08-cv-00433-CMA-KMT, 2011 WL 222319, *2 (D. Colo. Jan. 21,

2011) (quoting *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144

(10th Cir. 2007)).  Applying the factors to this case, the court concludes that dismissal is

an appropriate sanction.

First, Ms. Wayne's noncompliance in prosecuting the case has caused actual

prejudice to Defendants' ability to defend.  Defendants have been prejudiced by Ms.

Wayne's failure to serve responses to interrogatories, failure to produce documents

identified in her Rule 26(a)(1) disclosures or in response to Defendant's document

requests, failure to respond to Defendants' efforts to schedule her deposition, failure to

comply with the court's Orders concerning discovery, failure to respond to the court's

Order to Show Cause, failure to prosecute, and her counsel's failure to appear at the

January 11, 2012 hearing.  Defendants have been prejudiced by denial of Ms. Wayne's

evidence, in filing dispositive motions, in preparing for a trial, and in obtaining prompt

adjudication of the claims against them.  Ms. Wayne's noncooperation has caused

Defendants to expend time and money attempting to confer concerning outstanding

discovery, drafting motions to extend deadlines and a motion to compel, attending a

hearing at which Mr. Judd did not appear, and filing their motion to dismiss as a

sanction.  Such prejudice is sufficient to justify dismissal under Rules 37 and 41.  *See*

*Ramon*, 2011 WL 222319 at *2 (plaintiff's failure to respond to discovery and submit to

a deposition prejudiced defendants by preventing them from obtaining information necessary to defend the action or timely assert a dispositive motion and causing them to spend needless time and expense in preparing written discovery, attempting to obtain responses to discovery, attending a hearing on a motion to compel, and filing a motion to dismiss as a sanction); *Gomez v. Dillon Companies, Inc.*, No. 09-cv-00676-REB-KLM, 2010 WL 1644610, at * 3 (D. Colo. Apr. 22, 2010) (delay and expense caused by plaintiff's failures that blocked defendant's ability to conduct complete discovery, delayed the resolution of the case, and forced defendant to incur significant attorney fees and costs in an effort to obtain discovery satisfied the first factor); *Armstrong v. Swanson*, No. 08-cv-00194-MSK-MEH, 2009 WL 1938793, *4 (D. Colo. July 2, 2009) (finding "significant prejudice" to defendants where plaintiff failed to respond to communications and participate in discovery, which prolonged the litigation and deprived the defendants "of a prompt opportunity to have the claims against them adjudicated").  The first factor heavily weighs in favor of dismissal.

Second, Ms. Wayne's intransigence has interfered with the judicial process.  The court twice extended deadlines in the Scheduling Order due to Ms. Wayne's failure to participate in discovery.  Ms. Wayne has not complied with the court's orders. "Progress toward the resolution of [the] case has been brought to a standstill" by Ms. Wayne's delinquent conduct.  *Gomez*, 2010 WL 1644610, at * 3.  Ms. Wayne's conduct has impaired the court's ability to ensure compliance with the Federal Rules of Civil Procedure, the Local Rules for the District Court for the District of Colorado, and its own orders.  "[I]f a party 'could ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice, . . .' "  *EBI Securities Corp.*, 219

10

F.R.D. at 647 (internal quotation marks and citation omitted). *See also Armstrong*, 2009 WL 1938793, at *4 (finding prejudice to the judicial system where plaintiff's neglect forced the Magistrate Judge to adjudicate a motion to compel, issue an Order to Show Cause, and entertain several motions to extend deadlines as a result of plaintiff's failure to participate in discovery). The second factor also heavily weighs in favor of dismissal.

Third, the record is clear that Ms. Wayne is responsible for failing to comply with her obligations in this litigation. Ms. Wayne has not communicated that her noncompliance with the orders and rules of this court was inadvertent due to an inability to comply. Ms. Wayne was notified of her obligations and did not request any extension, demonstrate any need for an extension, or offer any acceptable explanation for their non-compliance. The record supports a finding that Ms. Wayne's noncompliance with the orders and rules of this court was willful. *See M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir. 1987) (A willful failure is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.") (internal quotation marks and citation omitted). The third factor also heavily weighs in favor of dismissal. *See Armstrong*, 2009 WL 1938793 at *4 (finding plaintiff culpable when nothing in the record indicated external forces were to blame for plaintiff's failure to prosecute); *EBI Securities Corp. Inc.*, 219 F.R.D. at 647-48 (dismissal appropriate where parties were aware of their obligation to respond to discovery requests pursuant to a court order, but failed to do so "[c]onsistent with their dilatory and uncooperative conduct throughout this action . . .").

Fourth, Ms. Wayne was adequately notified that dismissal is a possible sanction for noncompliance with local or federal procedural rules or court orders.  The court warned that "failure to respond to this Order to Show Cause . . . may result in sanctions without further notice . . . ." (See Doc. # 42 at 3 of 3; Doc. # 46).  Ms. Wayne was served by mail with a copy of the court's Order to Show Cause and February 27, 2012 Order.  Further, "[t]he Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves." *Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987).  Defendants' motion to dismiss as a sanction also constitutes notice of potential dismissal.  *See Smith v. City and County of Denver*, 2009 WL 485163, *3 (D. Colo. 2009) (finding defendants' warning to plaintiff in their motion to dismiss was adequate).  *See also Gross v. General Motors LLC*, No. 08-3236, 441 F. App'x 562, 565 (10th Cir. Oct. 6, 2011) (constructive notice sufficient to satisfy the notice element of the *Ehrenhaus* factors).  The fourth factor heavily weighs in favor of dismissal.

Finally, the record shows that there is no lesser sanction that is appropriate under the circumstances.  The court's previous orders have not produced compliance by Ms. Wayne.  It would be pointless to impose any lesser sanction on Ms. Wayne, who has repeatedly failed to abide by the rules and orders of the court and failed to advance this case.  *See Armstrong*, 2009 WL 1938793 at *5 (finding lesser sanctions are insufficient where plaintiff repeatedly failed to comply with discovery obligations).  The court concludes that it is highly unlikely that additional monetary sanctions will have any effect.  "[T]he imposition of lesser sanctions is not mandatory." *Hobratschk v. Perretta*,

2000 WL 313530, *2 (10th Cir. 2000) (internal quotations marks and citation omitted). The fifth factor also weighs in favor of dismissal of the Complaint.

In addition to the sanction of dismissal, Defendants request that the court award them costs and attorneys' fees incurred to date in defending this case.  Defendants argue that "[p]rinciples of equity and fairness dictate that Plaintiff and her counsel should make Defendants whole with respect to the money they have expended to defend against Plaintiff's claims." (*See* Doc. # 47 at 13 of 14).  On February 27, 2012, the court awarded Defendants their costs and attorney fees incurred in filing the Motion to Compel, "including the costs and fees incurred in preparing Defendants['] Motion for Extension of Time to Extend Various Deadlines and for Leave to File Motion to Compel." (*See* Doc. # 46).  On March 15, 2012, Defendants filed their Bill of Costs Related to Discovery Motions (Doc. # 49).  Ms. Wayne has not filed any objection to the Bill of Costs.  The court finds counsel's hourly rates and the number of hours spent are reasonable and supported by the record.  The court thus recommends that Ms. Wayne and Mr. Judd be jointly and severally ordered to pay Defendants their attorney fees and costs associated with filing their Motion to Compel (Doc. # 41) and with preparing and filing their Motion for Extension of Various Deadlines and for Leave to File Motion to Compel (Doc. # 37), in the amount of $2,784.50.  Finding this award of costs and fees and the recommendation, *infra*., to be sufficient sanctions, the court declines to award further costs or attorney fees incurred in defending the case.

Accordingly, IT IS RECOMMENDED that:

1.      This civil action be dismissed without prejudice for Ms. Wayne's failure to serve responses to interrogatories, failure to produce documents identified in her Rule

26(a)(1) disclosures or in response to discovery requests, failure to respond to Defendants' efforts to schedule her deposition, failure to comply with the court's Orders and the Federal Rules of Civil Procedure, and failure to prosecute.

2.      Mr. Judd be ordered to pay Defendants their attorney fees and costs associated with attending the January 11, 2012 hearing, in the amount of $1,104.00.

3.      Ms. Wayne and Mr. Judd be ordered to jointly and severally pay Defendants their attorney fees and costs associated with filing their Motion to Compel (Doc. # 41) and with preparing and filing their Motion for Extension of Various Deadlines and for Leave to File Motion to Compel (Doc. # 37), in the amount of $2,784.50.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the

14

findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be

both timely and specific to preserve an issue for de novo review by the district court or

for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make

timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal

from a judgment of the district court based on the proposed findings and

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80

(10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de

novo* despite the lack of an objection does not preclude application of the "firm waiver

rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the

magistrate judge's report and recommendation must be both timely and specific to

preserve an issue for *de novo* review by the district court or for appellate review);

*International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52

F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's

order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala

v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections,

plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-

Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not

apply when the interests of justice require review).

DATED at Denver, Colorado, this 24th day of April, 2012.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge