**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action No. **11-cv-01157-JLK-CBS**

**JACQUELINE C. WAYNE**,
    Plaintiff,

v.

**APOGEE RETAIL, L.L.C.**, and
**APOGEE TRUCKING, L.L.C.**,
    Defendants.

---

**ORDER**

---

Kane, J.

This matter is currently before me on Defendants' Objection to United States Magistrate Judge Craig Shaffer's Recommendation on Defendants' Motion to Dismiss for Failure to Obey Discovery Orders and Failure to Prosecute (doc. 53). For the reasons stated below, Defendants' Objections are SUSTAINED. Magistrate Judge Shaffer's Recommendation is adopted as amended below.

**BACKGROUND**

On April 29, 2011 Plaintiff Jacqueline Wayne filed a complaint asserting claims against Defendants Apogee Retail LLC and Apogee Trucking LLC (hereinafter, "Apogee"), her former employer, of disability discrimination and retaliation in violation

1

of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, wrongful termination in violation of public policy, breach of contract, and promissory estoppel in connection with the termination of her employment. Compl. & Jury Demand (doc. 1).

Wayne's initial disclosures were served August 8, 2011 and listed, but did not produce, nine categories of documents supporting her claims. *See* Pls.' Rule 26(a)(1) Fed. R. Civ. P. Disclosures (doc. 47-1) at 3-4. On September 16, 2011 Apogee served its First Set of Interrogatories and Requests for Productions of Documents to Plaintiff ("Discovery Requests") that sought, among other things, information concerning Wayne's medical condition and the damages she claimed. *See* Ex. B to Mot. (doc. 47-2) at 7-10. Apogee requested copies of the documents listed in Wayne's initial disclosures on September 22, 2011. *See* Ex. C to Mot. (doc. 47-3). Wayne requested a one-week extension to respond to the Discovery Requests. *See* Pl.'s Unopposed Mot. for Extension of Time (doc. 29) at ¶2. The request was granted October 20, 2011. Order granting Mot. for Extension of Time (doc. 31).

Despite the extension, Wayne neither responded to the Discovery Requests nor produced the documents. Apogee thus began a series of attempts to obtain the requested discovery. *See* Ex. D to Mot. (doc. 47-4). When those attempts failed, Apogee was forced to file a Motion for Extension of Time to Designate Affirmative and Rebuttal Experts (doc. 32). On November 29, 2011 Wayne responded to the motion claiming the responses to the Discovery Requests had been mailed twice, but nevertheless promised to scan the documents and provide them no later than December 1, 2011. Pl.'s Resp. to Defs.' Mot.

for Extension of Time (doc. 35) at ¶2.

The documents were not delivered as promised. Mot. for Extension of Various Deadlines and for Leave to File Mot. to Compel (doc. 37) at ¶¶3, 5. Wayne did not respond to Apogee's further attempts to obtain the discovery, and as a result Apogee was required to file a second motion to extend discovery deadlines. *Id.* Apogee also requested leave to file a Motion to Compel production of Wayne's discovery responses and the documents listed in her initial disclosures, and to schedule her deposition. *Id.* Magistrate Judge Shaffer set a hearing for January 11, 2012 to discuss the issues raised by Apogee's motion. Order granting Mot. for Extension of Time (doc 39).

Wayne's counsel, Lee Thomas Judd, failed to attend the January 11th hearing. Minute Entry (doc. 40). Following this absence, Magistrate Judge Shaffer ordered Judd to show cause for his absence from the hearing, and permitted Apogee to file a Motion to Compel, which was filed on January 23, 2012. Mot. To Compel (doc. 41). The Order to Show Cause and the Motion to Compel were both served upon Wayne and Judd, and no copies were returned as undeliverable. Certificate of Service (doc. 43). Magistrate Judge Shaffer warned that failing to timely respond to the Order to Show Cause could result in sanctions without further notice. Order to Show Cause (doc. 42) at 2. Wayne did not respond to the Order to Show Cause or the Motion to Compel. Mot. to Dismiss (doc. 47) at 4. Magistrate Judge Shaffer granted Apogee's Motion to Compel on February, 27 2012 and awarded the Defendants their costs and fees incurred in filing the motions associated with Wayne's lack of participation. *Id.* at 5.

After Wayne failed to comply with the Order to Compel discovery, Apogee filed a Motion to Dismiss the action with prejudice. *Id.* Once again, Wayne did not respond to this motion. Magistrate Judge Shaffer recommended the action be dismissed without prejudice, that Judd be ordered to pay Apogee their attorney fees and costs associated with attending the January 11, 2012 hearing, and that Wayne and Judd jointly and severally pay Apogee's attorney fees and costs totaling $2,784.50. Magistrate Judge Recommendation (doc. 52) at 13-14. Although understandably pleased with the majority of Magistrate Judge Shaffer's recommendation, Apogee objected to his determination that the case be dismissed without prejudice. Rule 72 Objection to Recommendation (doc 53) at 1.

Because Apogee has timely filed its objections, I review *de novo* whether Defendants' Motion to Dismiss for Failure to Obey Discovery Orders and Failure to Prosecute (filed March 13, 2012) (doc. 47) pursuant to Fed. R. Civ. P. 37 and 41(b) should be dismissed with or without prejudice. Fed. R. Civ. P. 72(b).

## ANALYSIS

In determining the appropriateness of a dismissal, I consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). These five factors do not create a rigid test, but instead act as a guidepost for

my analysis. *Id.* at 921.

As Magistrate Judge Shaffer explained, these factors warrant dismissal. *See* Recommendation (doc. 52) 9-13. Apogee has been prejudiced by having to expend time and money searching for discovery, filing motions, and attending a hearing Wayne and her counsel disregarded. Wayne's unresponsiveness has delayed and interfered with Court proceedings. Wayne had notice of these proceedings, and yet no evidence in the record mitigates her willful non-participation. Additionally, she was adequately notified dismissal was a possible sanction. Finally, no other sanction would be appropriate as the Court conceded additional monetary sanctions would unlikely have any effect.

For the past six months, Wayne has been unresponsive and indifferent to these discovery proceedings. Her actions are willful, in bad faith, and warrant a dismissal with prejudice. *See Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (stating dismissal for discovery violations requires that the violation be based on willfulness or bad faith rather than on the party's inability to comply). While, dismissing a case with prejudice is an extreme sanction that is inappropriate where a lesser sanction would deter further misconduct, when aggravating factors outweigh the judicial system's predisposition to decide a case on its merits, such a sanction is appropriate. *See Ehrenhaus*, 965 F.2d at 920-21. Two recently decided cases support dismissal of Wayne's case with prejudice.

In *Lee v. Max Int'l L.L.C.* the plaintiff repeatedly failed to disclose all the documents sought, providing "only a trickle of material" following the first Motion to

5

Compel, and withholding tax returns following the second Motion to Compel. 638 F.3d 1319-20, 1322 (10th Cir. 2011). Finding that the plaintiff's behavior showed "strong evidence of willfulness and bad faith," *id.* at 1321, the court dismissed the plaintiff's complaint with prejudice.

Similarly, in *Davis v. Delta Chamber of Commerce*, the plaintiff repeatedly failed to participate in the litigation and discovery. No. 10-cv-02664, 2011 WL 5976310, at *4 (D. Colo Oct. 24, 2011). She failed to comply with Court orders compelling discovery and payment of attorney fees as a sanction. *Id.* She did not respond to either the Court's order to show cause or Defendant's Renewed Motion to Dismiss, and did not properly request an extension of time if she was unable to timely respond. *Id.* The plaintiff's actions, like Wayne's actions, implied she had abandoned her claims, and the plaintiff's compliant was dismissed with prejudice.

Here, Wayne has been afforded repeated chances to comply with the Federal Rules of Civil Procedure and facilitate an opportunity for Apogee to defend itself against her claims. Despite Wayne's promises to comply with her discovery obligations, she has yet to do so. Unlike the plaintiffs in *Lee v. Max*, Wayne has not even provided a "trickle of information" following the Court order. 638 F.3d at 1319. Wayne's behavior, like that of the plaintiffs in *Lee v. Max* and *Davis v. Delta* shows "strong evidence of willfulness and bad faith." *Id.* at 1321.

Since her last documented communication with the Court on November 29, 2011 the record indicates Wayne has failed to attend a scheduled hearing and to respond to or

comply with two Court orders. Furthermore she has neither acknowledged nor objected to Defendant's Motion to Dismiss, Magistrate Judge Shaffer's Recommendation, or Defendant's Objection to the Recommendation. Like the plaintiff in *Davis*, Wayne has abandoned her claims and the case should be dismissed with prejudice.

## CONCLUSION

While a dismissal with prejudice "defeats altogether a litigant's right to access [] the courts," *Ehrenhaus*, 965 F.2d at 920, district courts have broad discretion to use sanctions where necessary for general deterrence. *See Lee v. Max*, 638 F.3d at 1320. A party who continually disregards court orders and discovery requests disregards the Federal Rules drafter's goal of a "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Wayne has abandoned her claims. Her willful unresponsiveness has caused Apogee to defend against claims she has lost interest in pursuing. Defendant's objections to Magistrate Judge Shaffer's Recommendation are SUSTAINED. I adopt his recommendation with the following amendments:

1)   This civil action is DISMISSED WITH PREJUDICE for Ms. Wayne's willful and bad faith failure to serve responses to interrogatories, willful and bad faith failure to produce documents identified in her Rule 26(a)(1) disclosures or in response to discovery requests, willful and bad faith failure to respond to Defendant's efforts to schedule her deposition, willful and bad faith failure to comply with the court's Orders and the FRCP, and willful and bad faith failure to prosecute.

Dated: July 24, 2012                                   BY THE COURT:

**/s/ John L. Kane**
Senior U.S. District Court Judge